Moran *v.* McClearns.

FRANCIS H. MORAN, Respondent, *v.* WILLIAM McCLEARNS, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

Where in an action of trespass, for diverting waters on to the plaintiff's land, the defendant justified as overseer of highways, and whether the diversion was wrongful, depended upon facts which were, and fairly might be, controverted upon the evidence, and the court charged, as follows, viz. : " I think, therefore, that the diversion of these waters upon the plaintiff's land was wrongful, and the plaintiff is entitled to recover."—*Held*, that the charge was an instruction to the jury that the plaintiff was entitled to recover, and not a mere intimation of opinion upon a question of fact, and was error.

Instructions to the jury, to the effect that a public officer may be held liable for the maliciousness of his motives in the performance of acts assumed to be fully authorized and warranted in law, are erroneous.

It is the duty of an overseer of highways, whether directed by the commissioners of highways or not, to put the highways in his district in repair.

APPEAL by the defendant from a judgment of the County Court, of Onondaga county, on a verdict in that court in an action commenced before a justice of the peace. The facts are stated in the opinion.

*Sedgwicks, Kennedy & Tracey,* for the appellant.

*Luddington & Gillespie,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

Moran *v.* McClearns.

By the Court — TALCOTT, J.  The action was for wrong-fully diverting a water-course on to the plaintiff's land to his damage.  The defendant justified as overseer of highways.

The facts seem to have been that the defendant, as overseer of highways, had opened a ditch on the west side of a road in his district, which had for some time been obstructed, and had also destroyed a sluice-way, which had been constructed by the trustees of a school district across the same road, whereby the water flowing on the west side was carried across on to an east and west road, the effect of which was at times to excavate the east and west road, and render it dangerous, if not impassible.

Another effect of the sluice-way which had been made by the trustees of the school district, was to throw upon the defendant's farm water from the west ditch, which had not before been accustomed to flow on his land, and to subtract a considerable quantity of water from that which had formerly flowed down the west ditch, and thence by another existing sluice-way across the road on to the land of the plaintiff.  It was claimed by the plaintiff that in thus changing the course of the water the defendant was actuated, by motives of self-interest, to protect his own land, and not by motives connected with the public interest, or by a design to injure the plaintiff.  On the trial the question as to where the water had been accustomed to flow before the trustees of the school district had changed its course was litigated, and the defendant gave evidence tending to show that from time immemorial, the water had been used to flow down the west ditch, until the time when it was thus intercepted by the trustees of the school district ; and also tending to show the material injury to the east and west highway which was produced by the change which had been made, and tending to show that the acts done by the defendant only restored the water-course to its ancient condition, and were proper to protect the east and west highway.

Among a great variety of propositions, the court on the trial stated to the jury as follows :

"I think, therefore, that the diversion of these waters upon the plaintiff's land was wrongful, and that the plaintiff is entitled to recover the damages he has sustained by reason of the diversion of these waters upon his land."

To this the defendant excepted. This appears to have been an instruction to the jury that the plaintiff was entitled to recover, and not a mere intimation of an opinion on a question of fact, and must have been so received. Now, whether the diversion was wrongful or not depended upon a variety of questions of fact, which were, and fairly might be, controverted upon the evidence; and the statement of the court to the jury seems to preclude any consideration by them of the various facts in controversy, and upon which the legal right depended, and which it was error to withdraw from the jury and pass upon as a question of law.

Again, the court instructed the jury as follows:

"If you come to the conclusion that the defendant acted maliciously in diverting this water; that he did not do it because he deemed it reasonable and proper for him to do it, as a public officer, but did it maliciously, to injure Mr. Moran, then the plaintiff is entitled to recover all the damages he has sustained, whether he had a right to turn the water or not."

This instruction was excepted to. It amounts to an instruction to the jury that, notwithstanding a public officer may be fully warranted, and duly authorized in law, to do the act complained of, yet his motives are, in such a case, the subject of inquiry by the jury; and, if they come to the conclusion that his motives were selfish and sinister, then the act becomes unlawful. It is scarcely necessary to say, that such a rule, determining the liability of public officers, not according to the lawfulness of their acts, but according to what a jury may suppose to have been their secret motives, could not be tolerated. In civil actions the inquiry is, first, as to the lawfulness of the act complained of. If the act be unlawful, the motives which have actuated a party may, in many cases, operate upon the question of damages; but the motives can

rarely be a subject of inquiry where the act done was in the exercise of a clear legal right.

It was no valid objection to the justification of the defendant that he had not been ordered by the commissioners of highways to make the repairs in question. It is made the duty of the overseer of highways, under a penalty, to keep the highways in his district in repair; and it is well settled that this duty devolves upon him, whether he has been directed by the commissioners or not. (*McFadden* v. *Kingsbury*, 11 Wend., 667.) The judgment of the County Court must be reversed, and a new trial granted in that court; costs to abide the event.

